# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )      Case No.   MJ20-681
Detached barn located at 16206 115th LN SE, Yelm,  )
Washington 98597, as described in Attachment A  )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Detached barn located at 16206 115th LN SE, Yelm, Washington 98597, as described in Attachment A

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*                                   *Offense Description*
                   See Attachment C for list of violations

The application is based on these facts:
✓  See Affidavit of Katelyn R. Mitchell, continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

_____
*Applicant's signature*

Katelyn R. Mitchell, US Postal Inspector
*Printed name and title*

☐ The foregoing affidavit was sworn to before me and signed in my presence, or
☒ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:  10/22/2020
_____
*Judge's signature*

City and state: Seattle, Washington            Brian A. Tsuchida, United States Magistrate Judge
*Printed name and title*

USAO: 2018R00964

# Attachment A

## Property To Be Searched

This warrant authorizes the search of the location described and depicted below, where the Items to Be Seized, listed in Attachment B, could be found:

**Detached barn located at 16206 115th LN SE, Yelm, Washington 98597, hereafter, "the Subject Premises." This is a large metal structure, gray in color, with white trim and a metal roof. The barn is adjacent to the residence and shares a driveway.**

 

This includes all areas within and surrounding the structure described above, including all rooms, stalls, crawlspaces, basements, storage areas, cupboards, containers, surrounding grounds, garages, carports, trash areas/containers, secure locations (such as safes), and vehicles located on or in the structure.

Attachment A - 1

# ATTACHMENT B

## Items to be Seized

Evidence and/or fruits of the commission of the following crimes: distribution and manufacturing of controlled substances, in violation of 21 U.S.C. § 841(a)(1); unlawful use of a communication facility, including USPS and UPS, to facilitate the distribution of controlled substances, in violation of 21 U.S.C. § 843(b); conspiracy to commit these offenses in violation of 21 U.S.C. § 846; money laundering, in violation of 18 U.S.C. § 1956; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); as described below.

1. Any controlled substances, including but not limited to growing and processed marijuana, cocaine, crack cocaine, heroin, hashish, methamphetamine, MDMA, methadone, oxycodone, Oxycontin, and fentanyl;

2. Drug Paraphernalia:  Items used, or likely to be used, to cultivate, store, process, package, use/consume, and/or distribute controlled substances, such as lights, soil, fertilizer, fans, plastic bags, cutting agents, scales, measuring equipment, tape, hockey or duffel bags, chemicals or items used to test the purity and/or quality of controlled substances, and similar items.

3. Shipping Records and Supplies:  USPS, UPS, FedEx, freight companies, and any other documents and packaging materials, including boxes and crates, packing tape, shipping labels, invoices, mylar and similar bags, heat and/or vacuum sealing devices, packing straps, packing peanuts, or bubble wrap.

4. Drug Transaction Records:  Documents such as ledgers, receipts, notes, invoices, and similar items relating to the acquisition, transportation, production, and distribution of controlled substances.

5. Customer and Supplier Information:  Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, maps or directions, and similar items.

6. Currency and Financial Records:  U.S. Currency, money orders, gift cards, and financial records, including bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, vehicle documents, and similar items; and other records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, cashier's checks, and similar items, and money counters.

7. Photographs/Surveillance:  Photographs, video tapes, digital cameras, surveillance cameras and associated hardware/storage devices, and similar items, depicting property occupants, friends and relatives of the property occupants, or suspected growers or buyers or sellers of controlled substances, controlled substances or other contraband, weapons, assets derived from the distribution of controlled substances, and photographs of any documents or other items listed elsewhere in this Attachment.

8. Weapons:  Including but not limited to firearms, magazines, ammunition, and body armor.

9. Codes and Passwords:  Evidence of codes used in the distribution of controlled substances, including but not limited to passwords for cell phones and bank accounts.

10. Property Records:  Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the past, present or future intended purchase, ownership, rental, income, expenses, or control of the premises, and similar records of other properties.

       11.       Indicia of occupancy, residency, and/or ownership of assets including, but not limited to, utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, mortgage statements, and other documents establishing ownership or occupancy.

       12.       Evidence of Storage Unit Rental or Access:  rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, passwords or other documents relating to storage units.

       13.       Evidence of Personal Property Ownership:  Registration information, ownership documents, receipts, or other evidence of ownership of property including vessels, boats, airplanes, jet skis, all terrain vehicles, RVs, jewelry, clothes, and personal property; evidence of international or domestic travel, hotel/motel stays, and any other evidence of unexplained wealth.

       14.       Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:

       a.       Employment records:  employee lists, paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, contracts, dividends, stock certificates, and compensation.

       b.       Savings accounts:  statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.

       c.       Checking accounts:  statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.

       d.       Loan Accounts:  financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.

       e.       Collection accounts:  statements and other records.

       f.       Certificates of deposit:  applications, purchase documents, and statements of accounts.

       g.       Credit card accounts:  credit cards, monthly statements, and receipts of use.

       h.       Receipts and records related to gambling wins and losses, or any other contest winnings.

       i.       Insurance:  policies, statements, bills, and claim-related documents.

       j.       Financial records:  profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made, both business and personal, receipts showing charitable contributions, and income and expense ledgers.

       k.       Licenses: professional licenses, application materials, certifications, guidance, regulations, and similar materials.

       l.       Contracts: contracts in final or draft form.

       m.       Correspondence, memoranda, and notes: correspondence, memoranda, and notes with or related to business associates, government authorities, law enforcement, employees, customers, clients, vendors, lenders, creditors, banks, escrow companies, title companies, business plans, projects, real estate agents, lenders, and other associates.

       15.       All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

       16.       All Western Union and/or Money Gram documents and other documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other

negotiable interests that can be purchased with cash, These documents are to include applications, payment records, money orders, frequent customer cards, etc.

17. Negotiable instruments, jewelry, precious metals, financial instruments, stored value/prepaid cards, receipts for the purchases and expenditures made on stored value/prepaid cards, and other negotiable instruments.

18. Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency.

19. Correspondence, papers, records, and any other items showing employment or lack of employment.

20. Telephone books, and/or address books, facsimile machines to include the carbon roll and/or other memory system, any papers reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists. Also, telephone answering devices that record telephone conversations and the tapes therein for messages left for or by co-conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds.

21. Vehicles, safes, and locked storage containers found at the target locations that are capable of storing the items to be seized set forth in this Attachment, and the contents thereof that are otherwise described in this document. The authorization granted by this warrant applies to vehicles parked or stopped in the garage, driveway, or other area on or in the target locations but does not extend to vehicles parked or stopped on the street.

22. Safes and locked storage containers, and the contents thereof which are otherwise described in this document.

23. Tools: Tools that may be used to open hidden compartments in vehicles, paint, bonding agents, magnets, or other items that may be used to open/close compartments.

24. Computers and other electronic storage devices (not including cell phones) may be seized but not searched. All such devices may be searched only if authorized by a follow-on search warrant.

25. Cell Phones: Cellular telephones and other communications devices may be seized, and searched for the following items:

    a. Assigned number and identifying telephone serial number (e.g., ESN, MIN, IMSI, or IMEI);

    b. Stored list of recent received, sent, or missed calls;

    c. Stored contact and address information;

    d. Stored photographs, videos, and recordings of narcotics, shipping records, wire transfers, money orders, bills, lists, maps, currency, guns or other weapons, financial information (such as identification cards, or banking or account information), related suspected criminal activity and/or the identity and/or user of the phone or co-conspirators, including any embedded GPS data associated with these photographs;

    e. Stored text, voice, picture, and video messages;

    f. Stored web browsing history;

      g.      Other data, documents, records, images, videos, or other items in whatever form, tending to identify the subscriber of the device, the user of the device, the possessor of the device, and/or dominion and control of the device; and

      h.      The presence of applications used for alternate communications and/or social media platforms such as: WeChat, WhatsApp, Facebook, Instagram, Google services, financial and e-mail services, etc. This paragraph authorizes investigators to search for and seize information identifying applications used on the cellular phones or other communications devices. This paragraph does not independently allow investigators to search for materials stored in those applications. This paragraph does not limit the information that can be obtained pursuant to Paragraphs 25(a) through (g).

    This warrant authorizes imaging or otherwise copying all data contained on the cellular telephones. This warrant also authorizes reasonable efforts to overcome any passcode protection of the cellular telephones.

    The review of the data on cellular telephones may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, sworn or non-sworn examiners at any location, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, law enforcement implanting this warrant may deliver a complete copy of the electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

Attachment C

List of Violations

The Search is related to violations of the following crimes:

a. distribution and manufacturing of controlled substances, in violation of 21 U.S.C. § 841(a)(1);
b. unlawful use of a communication facility, including USPS and UPS, to facilitate the distribution of controlled substances, in violation of 21 U.S.C. § 843(b);
c. conspiracy to commit these offenses in violation of 21 U.S.C. § 846;
d. money laundering, in violation of 18 U.S.C. § 1956; and,
e. possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

# AFFIDAVIT OF KATELYN MITCHELL

STATE OF WASHINGTON )
) ss
COUNTY OF KING )

I, Katelyn R. Mitchell, a Postal Inspector with the United States Postal Inspection Service, having been duly sworn, state as follows:

## AFFIANT BACKGROUND

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been employed as a Postal Inspector since April 2016 and am currently assigned to Seattle Division Headquarters, located in Seattle, Washington. Prior to becoming a U.S. Postal Inspector, I earned a Bachelor's Degree in Political Science from Washington State University and a Master's Degree in Criminal Justice from Seattle University. As part of my duties, I investigate the use of the United States Postal Service (USPS) to illegally send and receive controlled substances, the proceeds of drug trafficking, and instrumentalities associated with drug trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute controlled substances), and 843(b) (unlawful use of a communication facility, including USPS, to facilitate the distribution of controlled substances). I have completed USPIS Basic Inspector Training in Potomac, Maryland, and received specialized training in the investigation of controlled substances in the United States mails. I have also received training on the identification of controlled substances, and the interdiction of controlled substances and proceeds thereof. During my course of employment as a Postal Inspector, I have conducted and/or assisted with the investigation and seizure of more than 2000 USPS parcels containing controlled substances and/or proceeds thereof. In addition, through my experience and training and that of more senior federal, state and local drug investigators I have become familiar with the various techniques by which controlled substances are manufactured, transported, distributed, and

AFFIDAVIT OF INSPECTOR MITCHELL - 1
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sold; and the efforts of persons engaged in the manufacture, transportation and distribution of controlled substances to avoid detection and apprehension by law enforcement officers.

2. Because of my personal participation in this investigation and because of information provided to me by other agents and officers, I am familiar with the facts and circumstances of this investigation. My experience in investigating drug offenders, my education, my conversations with senior drug agents, and my specialized training formed the basis of opinions and conclusions set forth below.

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

3. As described herein, there is probable cause to believe that the following offenses have been committed, and are being committed, by Yi Jun Chen and others identified and unidentified: Distribution and Manufacturing of Controlled Substances, in violation of 21 U.S.C. § 841(a) (1); Unlawful Use of a Communication Facility to Facilitate the Distribution of Controlled Substances, in violation of 21 U.S.C. § 843(b); Conspiracy to commit these offenses in violation of 21 U.S.C. § 846; Money Laundering, in violation of 18 U.S.C. § 1956; and, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

4. This Affidavit is submitted in support of an application for a follow-on search and warrant for:

> **a. Detached barn located at 16206 115th LN SE, Yelm, Washington 98597, hereafter, "the Subject Premises." This is a large metal structure, gray in color, with white trim and a metal roof. The barn is adjacent to the residence and shares a driveway.**

5. As set forth below, there is probable cause to believe that Yi Jun Chen and others identified and unidentified are utilizing the Subject Premises to further the following criminal offenses: Distribution and Manufacturing of Controlled Substances, in violation of 21 U.S.C. § 841(a) (1); Unlawful Use of a Communication Facility to

AFFIDAVIT OF INSPECTOR MITCHELL - 2
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Facilitate the Distribution of Controlled Substances, in violation of 21 U.S.C. § 843(b);
2  Conspiracy to commit these offenses in violation of 21 U.S.C. § 846.

3        6.      Further, there is probable cause to believe that the search of the Subject
4  Premises will lead to evidence, fruits, and instrumentalities of the aforementioned crimes
5  as well as to the identification of individuals who are engaged in the commission of those
6  and related crimes.

7        7.      I am familiar with the facts set forth in this affidavit based on my personal
8  participation in the investigation described below; from oral and written reports of other
9  law enforcement officers; and from records, documents, and other evidence obtained
10 during this investigation.

11       8.      Because this affidavit is being submitted for the limited purpose of
12 obtaining a warrant to search and seize the contents of the Subject Premises, I have not
13 included every fact known to me concerning this investigation. Rather, I have set forth
14 only the facts that I believe are necessary to show that there is probable cause to issue the
15 requested warrants.

16 **SUMMARY OF PROBABLE CAUSE**

17       9.      As set forth in prior affidavits, since 2017, U.S. Postal Inspectors in
18 multiple jurisdictions around the country, as well as King County Sheriff's Office
19 (KCSO) Detectives, have been investigating several illegal and unlicensed clandestine
20 marijuana grow operations managed by a large Drug Trafficking Organization (DTO)
21 responsible for cultivating and shipping large quantities of bulk marijuana throughout the
22 United States. Suspect Yi Jun Chen was identified during the course of this investigation
23 as an individual conspiring to ship and receive freight containing large quantities of
24 marijuana. On October 14, 2020, Yi Jun Chen (and others) were indicted by a Grand Jury
25 in the Western District of Washington for their involvement in the illicit production and
26 interstate trafficking of marijuana.

27       10.     On October 21, 2020, Postal Inspector Terry Stinson obtained numerous
28 search warrants for locations identified during this investigation, including a warrant for

AFFIDAVIT OF INSPECTOR MITCHELL - 3
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 the residence at **16206 115th LN SE, Yelm, WA**, under Case No. MJ20-674(12)
2 (hereafter, the Yelm property).

3     11.    Inspector Stinson's prior affidavit in support of the application under that
4 case number is incorporated by this reference.  In the affidavit, at paragraph 11 of that
5 affidavit, Inspector Stinson asked that authority for the search locations covered by the
6 application "extend to all parts of the property, including main structure, garage(s)
7 storage structures, outbuildings and curtilage, and all vehicles, containers, compartments
8 or safes located on the property" where the items to be seized could be found.  However,
9 the description for the Yelm property attached to the application and search warrant did
10 not refer to any outbuildings.

11     12.    Those warrants were executed on October 22, 2020, leading to the seizure
12 of hundreds of marijuana plants, including from the Yelm property.

13     13.    Specifically, during the search of the Yelm property, 16206 115th LN SE,
14 Yelm, Washington 98597, investigators found an illegal marijuana grow operation inside
15 the residence, including over 400 marijuana plants.

16     14.    Investigators also found a large barn (Subject Premises) on the property,
17 adjacent to the residence and attached garage. There is a well-worn path from the
18 residence to the barn.  As investigators stood near the Subject Premises they reported
19 hearing a humming noise and the sound of many fans running.

20     15.    Based on my training and experience, it requires a tremendous amount of
21 energy to operate an indoor marijuana growing operation due to the need to power
22 specialized lighting, fans, timers, ventilation systems and irrigation, which can cause the
23 "hum" of electricity and machinery to be audible. Further, I know based on my training
24 and experience that large fans are commonly spread throughout indoor marijuana grows
25 and operate around the clock in order to create the ideal growing climate for the
26 marijuana plants inside and to increase circulation and ventilation.

27     16.    The prior warrant arguably covers the Subject Premises.  Certainly, as set
28 forth above, it was intended to do so.  However, out of an abundance of caution, I

AFFIDAVIT OF INSPECTOR MITCHELL - 4
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

respectfully seek this additional warrant explicitly authorizing the search of the subject premises.

## AGENT'S SPECIALIZED KNOWLEDGE

17. I know the following from my training, my experience, and my discussions with other investigators and analysts, about the manufacture of marijuana in indoor, clandestine grow operations in the Pacific Northwest; the transportation and distribution of that marijuana inside and outside the State of Washington, including the use of the mail and other shippers.

18. I know based on my training and experience that financial records and ledgers are also sometimes kept in marijuana grow houses. Any financial, sales, business and employment records, tax records, bank statements, receipts, checkbooks, credit card statements, accounting statements, insurance documents, import and export documents, shipping records and the like, which show financial information and transactions such as sources of funds, expenditures, investments and/or application of funds could be important evidence of marijuana manufacture, distribution and money laundering. Therefore, I am seeking to seize, photograph and/or otherwise document such records should they be found. I also request authorization to search for these records in any such form or documents including printed, written, handwritten, faxed or typed, photocopies, original documents, and other photographic format.

///
///
///

AFFIDAVIT OF INSPECTOR MITCHELL - 5
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

19. Based on the facts set forth in this affidavit, I believe that there is probable cause to believe that the Subject Premises, contains evidence or proceeds of one or more of the following violations of federal law:  Distribution and Manufacturing of Controlled Substances, in violation of 21 U.S.C. § 841(a) (1); Unlawful Use of a Communication Facility to Facilitate the Distribution of Controlled Substances, in violation of 21 U.S.C. § 843(b); Conspiracy to commit these offenses in violation of 21 U.S.C. § 846; Money Laundering, in violation of 18 U.S.C. § 1956; and, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

_____
Katelyn R. Mitchell
U.S. Postal Inspector

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on the 22nd day of October, 2020.

_____
BRIAN A. TSUCHIDA
CHIEF MAGISTRATE JUDGE, WESTERN
DISTRICT OF WASHINGON

AFFIDAVIT OF INSPECTOR MITCHELL - 6
USAO 2018R00964

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970